IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HERMAN BROWN (# R3791)                                                      PLAINTIFF

v.                                                                  No. 4:06CV167-P-A

CHARLES HAND                                                                 DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Herman Brown, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

On April 17, 2006, the plaintiff was accused of grabbing Office L. Meek on her left buttock in Unit 32-C at the Mississippi State Penitentiary. Shortly thereafter, Lt. Charles Hand ("Hand") arrived at the plaintiff's cell to confiscate the plaintiff's property. Hand used abusive language towards the plaintiff. He cuffed the plaintiff, entered the cell, and threw the plaintiff from the cell, where the plaintiff struck the wall. Hand confiscated the plaintiff's property, then placed the plaintiff back into his cell. Then Hand pulled on the plaintiff's handcuffs, forcing the arms against the cell bars. The plaintiff requested to be taken to the clinic, but his request was denied. The plaintiff's property was returned to him April 20, 2006, but a mattress, t-shirts, and underwear were missing. He also claims that Hand is verbally harassing him.

## Discussion

The plaintiff makes four basic claims. First, he alleges that the defendant verbally abused him and continues the verbal abuse to the present. Second, he alleges that the defendant has used excessive force against him. Third, the plaintiff alleges that he has been denied medical treatment. Finally, the plaintiff claims that his property has been taken from him without due process of law. None of these claims has merit; as such, all will be dismissed.

## Verbal Abuse and Harassment

Verbal abuse and harassment by a prison guard does not give rise to a cause of action under § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997). As such, this claim shall be dismissed.

## Excessive Force

The plaintiff claims that the defendant used excessive force against him in violation of the Eighth Amendment. The plaintiff has been found guilty of grabbing a female corrections officer's buttock. The defendant entered the plaintiff's cell to initiate the process of discipline for that infraction, which starts with stripping the accused inmate's cell. He used force to do so. The plaintiff has not alleged any injury from the encounter.

In order to balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order, the Supreme Court has held that to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251

(1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).

"Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th 1993). The facts the plaintiff alleges show an effort on the part of the defendant to maintain or restore discipline and clearly do not fall into the category of "repugnant to the conscience of mankind." In addition, the use of force occurred quickly during a single encounter, and the plaintiff has not claimed that he was injured. As such, under the prevailing law, the plaintiff's claim of excessive force must fail.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the

criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff has not alleged that he was injured in the encounter. Thus, he has neither set forth a serious medical need nor posited how the defendants might have treated such a need. In short, the plaintiff has not alleged even one element of a denial of medical care claim. As such, the plaintiff's claim of denial of medical care shall be dismissed.

## Negligent Deprivation of Property

The plaintiff asserts a claim of negligence against the defendants in this case; he claims only that someone on the staff of the Mississippi Department of Corrections mislaid his state-issue underwear, t-shirts, and mattress and cannot now find them and return them to him. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344,

106 S.Ct. 668 (1986). The Court in *Daniels* discussed the historical reason behind the Due Process Clause of the Fourteenth Amendment, its prohibition against *deliberate* decisions of government officials to deprive a person of life, liberty or property. *Daniels* at 331-32. "This history reflects the traditional and common-sense notion that the Due Process Clause, like its forbear in the Magna Carta, was 'intended to secure the individual from the arbitrary exercise of the powers of government.'"[1] The Court reasoned

> We think that the actions of prison custodians in leaving a pillow on the stairs, *or mislaying an inmate's property*, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process law.
>
> . . .
>
> Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure or compensation is *constitutionally* required.

*Id.* (internal citations omitted) (emphasis added).

The plaintiff's claim, read in a light most favorable to the plaintiff, sounds wholly in negligence. In addition, the items the plaintiff claims were taken in violation of due process are state issue; as such, the plaintiff did not have an ownership interest in them in the first instance. Thus, under the reasoning of *Daniels* and *Davidson, supra,* the plaintiff's claims of the taking of property without due process shall be dismissed with prejudice.

---

[1] *Id.*, citing *Hurtado v. California*, 110 U.S. 516, 527, 4 S.Ct. 111, 116, 28 L.Ed. 232 (1884) (quoting *Bank of Columbia v. Okely*, 4 Wheat. (17 U.S.) 235, 244, 4 L.Ed. 559 (1819)) (internal citations omitted). See also *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government . . . .")

In sum, all of the plaintiff's allegations shall be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE